Joseph A. BRANTLEY, Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS, Respondent.

No. 00–3416.

United States Court of Appeals, Federal Circuit.

March 12, 2001.

Before MAYER, Chief Judge, BRYSON and DYK, Circuit Judges.

PER CURIAM.

Joseph A. Brantley seeks review of the decision by the Merit Systems Protection Board, Docket No. CH–0752–99–0288–I–1, sustaining his removal from the position of Housekeeping Aid at the Department of Veterans Affairs Medical Center. We *affirm.*

We review the board's decision under a narrow standard. *See Yates v. Merit Sys. Protection Bd.,* 145 F.3d 1480, 1483 (Fed. Cir.1998); *Hayes v. Dept. of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

Brantley first argues that the board erred in assessing the credibility of Martin, Spears, and Darr–Warner because it did not address the alleged inconsistencies in their testimony. "[A]n evaluation of witness credibility is within the discretion of the Board and ... [is] 'virtually unreviewable' on appeal." *King v. Dept. of Health & Human Services,* 133 F.3d 1450, 1453 (Fed.Cir.1998). Here, the administrative judge determined that Brantley's testimony was defensive and untrustworthy and that Martin's testimony was consistent with statements he made to several agency employees at the time the incidents occurred. Furthermore, Brantley's allegation of inconsistent testimony of the other witnesses rests on a misplaced assumption that there was only one loan from Martin to Brantley, yet the record clearly shows that a number of loans took place.

Brantley also argues that his removal for borrowing a de minimis amount of money from a patient is disproportionately harsh. However, this argument fails to take into account the fact that Brantley was not removed for one minor infraction, but for a history of disciplinary problems, including sleeping on duty numerous times, disrespectful conduct towards co-workers, and borrowing money from a medical center patient on a number of occasions.

■ Finally, Brantley argues that the board erred by failing to find that his removal was in retaliation for protected whistleblowing activity. To establish an affirmative defense of retaliation under the Whistleblower Protection Act, Brantley must show (1) he made a disclosure protected under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's personnel action. *See Ellison v. Merit Sys. Protection Bd.,* 7 F.3d 1031, 1034 (Fed.Cir.1993). Assuming Brantley made a prima facie showing of these elements, the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e) (1994); *Kewley v. Dept. of Health and Human Services,* 153 F.3d 1357, 1364 (Fed.Cir.1998). The following criteria are relevant to this determination: (1) the strength of the agency's evidence in support of its personnel action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar action against employees who are not whistleblowers, but who are otherwise similarly situated. *See Brewer v. Dept. of the Interior,* 76 M.S.P.R. 363, 370 (1997).

■ Here, the agency presented strong evidence in support of its action of removal, including testimony of witnesses to Brantley sleeping on the job, direct testimony from Martin (the patient from whom Brantley borrowed money), and corroborating testimony about the incidents.

Brantley's allegations of motives to retaliate by Darr–Warner were unsupported by the evidence, and not determined to be credible by the board. Finally, the record indicates that the agency removed another employee who had allegedly borrowed money from Martin, but who was not a whistleblower. Accordingly, the board did not err in holding that, even assuming Brantley made a prima facie case of whistleblowing activity, the agency showed by clear and convincing evidence that it would have removed him in absence of the disclosures.